## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OPTIMAL WIRELESS LLC**<br>**215 W. Bandera Rd. Ste. 114 #507**<br>**Boerne, Texas 78006**<br><br>   ***Plaintiff*,**<br>**v.**<br><br>**INTERNAL REVENUE SERVICE,**<br>**1111 Constitution Avenue, N.W.**<br>**Washington, D.C. 20224,**<br><br>**and**<br><br>**UNITED STATES DEPARTMENT OF**<br>**HEALTH AND HUMAN SERVICES,**<br>**200 Independence Avenue, S.W.**<br>**Washington, D.C. 20201,**<br><br>**and**<br><br>**CHARLES RETTIG, in his official capacity**<br>**as Commissioner of Internal Revenue,**<br>**1111 Constitution Avenue, N.W.**<br>**Washington, D.C. 20224,**<br><br>**and**<br><br>**ALEX AZAR II, in his official capacity as**<br>**Secretary of the United States Department of**<br>**Health and Human Services,**<br>**200 Independence Avenue, S.W.**<br>**Washington, D.C. 20201,**<br><br>   ***Defendants*.** | **CIVIL ACTION**<br><br>**NO._____** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Optimal Wireless LLC ("Optimal Wireless"), by and through its undersigned

counsel, brings this action against the Internal Revenue Service ("IRS"), the United States

Department of Health and Human Services ("HHS"), IRS Commissioner Charles Rettig, and HHS

Secretary Alex Azar II (collectively, "<u>Defendants</u>") to seek relief from Defendants' refusal to comply with the statutory provisions of the Affordable Care Act, its governing regulations, and the procedural requirements necessary to impose an assessable payment under 26 U.S.C. § 4980H.

## <u>INTRODUCTION</u>

1.     Under 26 U.S.C. § 4980H, certain employers are subject to an "assessable payment" if the employer offers or fails to offer qualifying health coverage to its full-time employees and dependents under an eligible employer-sponsored plan for any month, and one or more full-time employees are "certified to the employer under section 1411 of the . . . [ACA] as having enrolled for such month in a qualified plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee[.]" (the "<u>Section 1411 ACA Certification</u>").

2.     Section 1411 of the ACA and the governing regulations specifically require HHS to make the Section 1411 ACA Certification.  Moreover, Section 1411 of the ACA and the governing regulations mandate that HHS provide the employer with an HHS appeal to determine whether the 26 U.S.C. § 4980H assessable payment is appropriate and has been computed properly.

3.     On February 14, 2019, and August 9, 2019, the IRS issued two separate Letters 226-J to Optimal Wireless for its 2016 and 2017 years.  In those letters, the IRS communicated to Optimal Wireless that it had made Section 1411 ACA Certifications and was therefore imposing assessable payments against Optimal Wireless under 26 U.S.C. § 4980H.  However, because HHS has not made a Section 1411 ACA Certification nor provided HHS appeals rights for either year, Defendants' actions violate the Administrative Procedure Act, 5 U.S.C. §§ 500, *et seq.* ("<u>APA</u>").

4.      In addition, 26 U.S.C. § 4980H(d)(1) provides that an assessable payment shall be assessed and collected in the same manner as an assessable penalty under subchapter B of chapter 68 of the Internal Revenue Code of 1986, as amended (the "Code").  Under 26 U.S.C. § 6751(b), which provides procedural requirements for assessment of penalties, no penalty may be assessed under the Code unless the initial determination of such assessment has been personally approved (in writing) by the immediate supervisor of the individual making the determination or such higher-level official as the Secretary of the Treasury may designate.

5.      Because proper written managerial approval has not been obtained prior to the initial determination of the 26 U.S.C. § 4980H assessment, the assessable payment under 26 U.S.C. § 4980H may not be assessed against Optimal Wireless for 2016 and 2017.

## JURISDICTION AND VENUE

6.      This action arises under the APA and the Declaratory Judgment Act, 28 U.S.C. § 2201.  Jurisdiction is proper in this Court under 5 U.S.C. § 704, 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(e) because this is an action against agencies of the United States that reside in this judicial district and, upon information and belief, a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## THE PARTIES

8.      Optimal Wireless is a limited liability company organized under the laws of the State of Texas with a principal place of business in Boerne, Texas.  It provides retail wireless communication services and products through its retail locations in the States of Texas, New Mexico, Oklahoma, and Louisiana.

3

9.      Defendant Internal Revenue Service is a bureau of the Treasury Department headquartered in Washington, D.C.  It is an agency as defined in Section 500 and Section 551 of the APA.  Charles Rettig is the current Commissioner of Internal Revenue and is being sued in his official capacity.  The IRS and Charles Rettig, in his official capacity as IRS Commissioner, may be served by delivering a copy of this Complaint and the Summons to Internal Revenue Service, 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

10.     Defendant United States Department of Health and Human Services is a federal agency headquartered in Washington, D.C.  It is an agency as defined in Section 500 and Section 551 of the APA.  Alex Azar II is the current HHS Secretary and is being sued in his official capacity.  The HHS and Alex Azar II may be served by delivering a copy of this Complaint and the Summons to United States Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201.

11.     In addition to serving the Defendants above and pursuant to Fed. R. Civ. P. 4(i), the United States Attorney for the District of Columbia may be served by mailing a copy of this Complaint and the Summons by certified mail to Civil Process Clerk, U.S. Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530, and the Attorney General of the United States may be served by mailing two copies of this Complaint and the Summons by certified mail to U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

## FACTS

### The ACA and 26 U.S.C. § 4980H

12.     In 2010, Congress enacted the Patient Protection and Affordable Care Act and the Health Care and Education Reconciliation Act of 2010 ("ACA"), which added 26 U.S.C. § 4980H to the Code.

13.     Under 26 U.S.C. § 4980H(a) and (b), an applicable large employer is subject to an "assessable payment" if the employer offers or fails to offer its full-time employees and their dependents an opportunity to enroll in minimum essential coverage under an eligible employer-sponsored plan for any month, and one or more full-time employees are "certified to the employer under section 1411 of the . . . [ACA] as having enrolled for such month in a qualified plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee[.]"

14.     The applicable Treasury Regulations specifically acknowledge and concede that the Section 1411 Certification means:

> the certification received *__as part of the process established by the Secretary of Health and Human Services__* under which an employee is certified to the employer under section 1411 of the Affordable Care Act as having enrolled for a calendar month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee.

26 C.F.R. § 54.4980H-1(a)(40); *see also* Treas. Reg. § 54.4980H-4(a) ("If an applicable large employer member fails to offer to its full-time employees (and their dependents) the opportunity to enroll in minimum essential coverage under an eligible employer-sponsored plan for any calendar month, *__and the applicable large employer member has received a Section 1411 Certification__* with respect to at least one full-time employee, an assessable payment is imposed.").

Accordingly, the IRS does not have statutory or other authority to make the Section 1411 Certification. Rather, under 28 U.S.C. § 4980H, such certification must be made by the HHS.

15.     Section 1411 of the ACA enacted new 42 U.S.C. § 18081(e)(4)(C)(iii). Under that provision, if the HHS determines that an exchange enrollee is eligible for a premium tax credit or cost-sharing reduction because the employer does not provide minimum essential coverage through an employer-sponsored plan or that the employer does provide coverage but such coverage is not affordable, the HHS must notify the state or federally facilitated health exchange. Thereafter, but within a reasonable timeframe following the determination, the exchange must notify the employer of such fact and, additionally, that the employer may be liable for the assessable payment under 26 U.S.C. § 4980H. *See also* 45 C.F.R. § 155.310(h).

16.     In the preamble to the HHS Regulations, HHS specifically acknowledged and conceded that the Section 1411 Certification and notice under the ACA could not be delegated to any other government agency including the IRS. Specifically, the HHS Regulation preamble provides:

> *Comment*:  One commentator suggested that IRS, and not HHS, effectuate the notice described in § 155.310(h) because (1) IRS has information about employers subject to free rider assessments, and (2) IRS maintains a database of employer contacts for the transmission of sensitive personal information.  Another commentator suggested that reporting to employers should be consolidated and centralized into a Federal process, with information provided on a monthly or quarterly basis.

> *Response*:  Section 1411(e)(4)(B)(iii) provides that this notice must be provided to employers by Exchanges in connection with certain eligibility determinations.  ***It is not within the discretion of the Secretary [of HHS] to shift responsibility for provision of this notice to the IRS.***

77 F.R. 18310, at 18357 (Mar. 27, 2012).

17.     Section 1411 of the ACA also mandates HHS appeals procedures ("HHS Appeal"). Specifically, 42 U.S.C. § 18081(f)(2)(A) provides that HHS shall establish a separate appeal

process for employers who are notified under 42 U.S.C. § 18081(e)(4)(C) that the employer may be liable for an assessable payment under 26 U.S.C. § 4980H.  Under the HHS Appeal, the employer is permitted the opportunity to:  (1) present information to the exchange for review of the determination, and (2) have access to the data used to make the determination to the extent allowable by law.  42 U.S.C. § 18081(f)(2)(A).

18.    In enacting the ACA, Congress amended the confidential taxpayer information disclosure rules under 26 U.S.C. § 6103 to facilitate the transfer of information necessary for HHS to make the Section 1411 Certification.  Moreover, 26 U.S.C. § 6103(l)(21) provides HHS with sufficient information during the HHS Appeal to permit an accurate and proper computation of the 26 U.S.C. § 4980H assessable payment prior to its assessment by the IRS.

19.    Thus, the statutory scheme and the governing regulations require HHS to make the Section 1411 Certification.  In addition, the statutory scheme and governing regulations require HHS to provide employers with an HHS Appeal.

**IRS Letters 226-J to Optimal Wireless**

20.    Optimal Wireless is a cell phone and wireless retail communications provider with retail locations throughout the States of Texas, New Mexico, Oklahoma, and Louisiana.

21.    On February 14, 2019, the IRS mailed Optimal Wireless a Letter 226-J in which the IRS proposed a 26 U.S.C. § 4980H assessable payment in the amount of $395,640 for Optimal Wireless' 2016 year.  In the letter, the IRS communicated to Optimal Wireless that it had certified "under Section 1411 of the Affordable Care Act, that for at least one month in the year, one or more of . . . [Optimal Wireless'] full-time employees were enrolled in a qualified health plan for which a . . . [premium tax credit] was allowed."

22.     On August 9, 2019, the IRS mailed Optimal Wireless a second Letter 226-J in which the IRS proposed an additional 26 U.S.C. § 4980H assessable payment in the amount of $736,383.28 for Optimal Wireless' 2017 year.  In the letter, the IRS communicated to Optimal Wireless that it had certified "under Section 1411 of the Affordable Care Act, that for at least one month in the year, one or more of . . . [Optimal Wireless'] full-time employees were enrolled in a qualified health plan for which a . . . [premium tax credit] was allowed."

23.     HHS has never made a Section 1411 Certification with respect to Optimal Wireless' 2016 and 2017 years.  In addition, HHS has never provided Optimal Wireless with an HHS Appeal so that Optimal Wireless could contest or dispute the 26 U.S.C. § 4980H assessable payments.

24.     Neither the IRS nor HHS have complied with the procedural requirements of 26 U.S.C. § 6751(b) in obtaining written managerial approval of the assessable payment prior to the initial determinations of the respective assessable payments.

<u>**COUNT ONE**</u>
**Violation of APA (5 U.S.C. § 706(2)(C)) - Excess Statutory Authority**

25.     Optimal Wireless repeats and realleges each and every allegation as set forth in paragraphs 1-24, inclusive, and incorporates them herein by this reference.

26.     The APA requires courts to "hold unlawful and set aside" agency action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2)(C).

27.     The ACA and its governing regulations require the HHS to make the Section 1411 Certification against Optimal Wireless and to provide Optimal Wireless with an HHS Appeal.  The IRS' actions in making the Section 1411 Certification do not comply with the ACA or its governing regulations and therefore should be set aside and held unlawful.

28.     Optimal Wireless has been harmed by the Defendants' actions and has no other adequate remedies available at law, and is therefore entitled to the relief it requests below.

## COUNT TWO
### Violation of APA (5 U.S.C. § 706(2)(A)) – Contrary to Law

29.     Optimal Wireless repeats and realleges each and every allegation as set forth in paragraphs 1-28, inclusive, and incorporates them herein by this reference.

30.     The APA requires courts to "hold unlawful and set aside" agency action that is "not in accordance with law."  5 U.S.C. § 706(2)(A).

31.     The ACA and its governing regulations require the HHS to make the Section 1411 Certification against Optimal Wireless and to provide Optimal Wireless with an HHS Appeal.  The IRS' actions in making the Section 1411 Certification do not comply with the ACA or its governing regulations and therefore should be set aside and held unlawful.

32.     Optimal Wireless has been harmed by the Defendants' actions and has no other adequate remedies available at law, and is therefore entitled to the relief it requests below.

## COUNT THREE
### Violation of APA (5 U.S.C. § 706(2)(A) – Arbitrary and Capricious

33.     Optimal Wireless repeats and realleges each and every allegation as set forth in paragraphs 1-32, inclusive, and incorporates them herein by this reference.

34.     The APA requires courts to "hold unlawful and set aside" agency action that is "arbitrary" or "capricious."  5 U.S.C. § 706(2)(A).

35.     The ACA and its governing regulations require the HHS to make the Section 1411 Certification against Optimal Wireless and to provide Optimal Wireless with an HHS Appeal. Defendants' failure to follow the ACA and its governing regulations is arbitrary and capricious and should be set aside and held unlawful.

9

36.     Optimal Wireless has been harmed by the Defendants' actions and has no other adequate remedies available at law, and is therefore entitled to the relief it requests below.

## COUNT FOUR
### Violation of APA (5 U.S.C. § 706(1)) – Agency Action Unlawfully Withheld or Unreasonably Delayed

37.     Optimal Wireless repeats and realleges each and every allegation as set forth in paragraphs 1-36, inclusive, and incorporates them herein by this reference.

38.     The APA requires courts to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

39.     The ACA and its governing regulations require the HHS to make the Section 1411 Certification against Optimal Wireless and to provide Optimal Wireless with an HHS Appeal. HHS' failure to follow the ACA and governing regulations has been unlawfully withheld and/or unreasonably delayed to Optimal Wireless.

40.     Optimal Wireless has been harmed by the Defendants' actions and has no other adequate remedies available at law, and is therefore entitled to the relief it requests below.

## COUNT FIVE
### Violation of APA (5 U.S.C. § 706(2)(D)) – Agency Action Without Observance of Procedure Required by Law

41.     Optimal Wireless repeats and realleges each and every allegation as set forth in paragraphs 1-40, inclusive, and incorporates them herein by this reference.

42.     The APA requires courts to "hold unlawful and set aside" agency action that is "without observance of procedure required by law."  5 U.S.C. § 706(2)(D).

43.     The ACA and its governing regulations require the HHS to make the Section 1411 Certification against Optimal Wireless and to provide Optimal Wireless with an HHS Appeal.  In

addition, the Treasury Regulations provide that the IRS may not make the Section 1411 Certification.

44.      In addition, under 26 U.S.C. § 4980H(d)(1), any assessable payment shall be assessed and collected in the same manner as an assessable penalty under subchapter B of chapter 68 of the Code.  Under 26 U.S.C. § 6751(b)(1), which provides procedural requirements for assessment of penalties, no penalty under the Code may be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher-level official as the Treasury Secretary may designate.  Upon information and belief, neither the HHS nor the IRS complied with 26 U.S.C. § 6751(b)(1).

45.      Accordingly, Defendants have failed to observe the lawful procedures of the ACA, its governing regulations, and the Code.

46.      Optimal Wireless has been harmed by the Defendants' actions and has no other adequate remedies available at law, and is therefore entitled to the relief it requests below.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Optimal Wireless requests that this Court enter judgment in its favor and grant the following relief:

A. Declare that Defendants have violated 26 U.S.C. § 4980H and the governing regulations;

B. Declare that HHS must make the Section 1411 Certification prior to any assessment of an assessable payment against Optimal Wireless under 26 U.S.C. § 4980H;

C.  Declare that HHS must provide Optimal Wireless with an HHS Appeal prior to any assessment of an assessable payment against Optimal Wireless under 26 U.S.C. § 4980H;

D.  Declare that the IRS' Section 1411 Certification violates the APA in that it is in excess of statutory authority, contrary to law, arbitrary or capricious, and/or an agency action without observance of procedure as required by law;

E.  Declare that the HHS and IRS have failed to comply with the procedural requirements of 26 U.S.C. § 6751(b) with respect to the proposed assessable payments against Optimal Wireless under 26 U.S.C. § 4980H;

F.  Permanently enjoin the IRS from assessing and collecting the assessable payment under 26 U.S.C. § 4980H against Optimal Wireless until HHS has made a Section 1411 Certification and otherwise provided Optimal Wireless with an HHS Appeal;

G.  An award of attorney's fees, expenses, and costs; and

H.  Such other relief as the Court may deem just and proper.

Date: August 20, 2020                                Respectfully submitted,


                                    _____/s/ Glen E. Frost_____
                                    Glen E. Frost (Bar No. 997212)

                                    _____/s/ Sean P. Hatley_____
                                    Sean P. Hatley (Bar No. MD0074)

                                    FROST LAW
                                    839 Bestgate Road, Suite 400
                                    Annapolis, Maryland 21401
                                    Telephone:     410-497-5947
                                    Facsimile:     888-235-8405
                                    Email:         glen.frost@frosttaxlaw.com
                                    Email:         sean.hatley@frosttaxlaw.com

                                    *Co-counsel for Plaintiff*

*Optimal Wireless LLC*
By:  /s/ Jason B. Freeman
Jason B. Freeman*
Texas Bar No. 24069736
By: /s/ Matthew L. Roberts
Matthew L. Roberts*
Texas Bar No. 24098330

**Freeman Law, PLLC**
2595 Dallas Parkway, Suite 420
Frisco, Texas 75034
Telephone:  214-984-3410
Facsimile:  214-984-3409
jason@freemanlaw.com
MRoberts@freemanlaw-pllc.com

*Co-counsel for Plaintiff*
*Optimal Wireless LLC*


        /s/ Peyton Healey
**Peyton J. Healey**\*
Texas State Bar No. 24035918
**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Phone:  214-880-9600
Fax:     214-481-1844
Peyton@HedrickKring.com

*Co-counsel for Plaintiff*
*Optimal Wireless LLC*

\**Pro Hac Vice* Admission Pending

13