UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPTIMAL WIRELESS LLC,

    *Plaintiff*,

v.

INTERNAL REVENUE SERVICE, et al.,

    *Defendants*.

Civil Action No. 1:20-cv-02297 (CJN)

## MEMORANDUM OPINION

If certain employers fail to offer their full-time employees specified healthcare coverage, they must pay the federal government a yearly "assessable payment." 26 U.S.C. § 4980H(a). The government claims that Optimal Wireless LLC, a wireless-communications company operating in Texas, New Mexico, Oklahoma, and Louisiana, is one such employer. Compl., ECF No. 1 at ¶¶ 3–5, 8. The government assessed Optimal for such payments for 2016 and 2017, but Optimal has yet to pay. *Id.* ¶¶ 3–5.

Optimal instead filed this Administrative Procedures Act suit asserting that the government failed to follow certain mandatory procedures when levying these payments. *See generally id.* But as all Parties agree, if the "assessable payment" in § 4980H is a tax, then the Anti-Injunction Act, 26 U.S.C. § 7421, strips this Court of jurisdiction. Defendants move to dismiss on that ground. *See generally* Mot. to Dismiss ("Mot."), ECF No. 24. After having held oral argument on this question, the Court agrees and grants that Motion.

### BACKGROUND

Optimal sells cellphones and provides wireless retail communications in several states. Compl. ¶ 20. In 2019, it received letters from the IRS claiming that the IRS had made a "Section

1

1411 ACA Certification" and was therefore imposing assessable payments for the years 2016 and 2017. *Id.* ¶ 3, 21–22. Optimal presents two primary arguments regarding why the imposition of such payments was improper. First, it alleges that Health and Human Services is responsible for making such certifications, but that HHS failed to comply with certain of its statutory obligations, thus robbing Plaintiff of its appeal rights. Accordingly, "[b]ecause HHS has not made a Section 1411 ACA Certification nor provided HHS appeals rights for either year," Optimal asserts that "Defendants' actions violate the Administrative Procedure Act, 5 U.S.C. §§ 550, *et seq.*" Compl. ¶ 3.

Second, Optimal claims that the initial determination of such an assessment must be personally approved in writing by the immediate supervisor of the individual who made the initial determination. *Id.* ¶ 4. Optimal claims that the government also failed to follow this step. *See id.* As Optimal puts it, "[b]ecause proper written managerial approval has not been obtained prior to the initial determination of the 26 U.S.C. § 4980H assessment," "the assessable payment under 26 U.S.C. § 4980H may not be assessed against Optimal Wireless for 2016 and 2017." *Id.* ¶ 5.

Optimal's suit here alleges five separate violations of the APA. *Id.* ¶¶ 25–46. Optimal also seeks various forms of relief, including declaratory—such as a declaration "that HHS must provide Optimal Wireless with an HHS Appeal prior to any assessment of an assessable payment," *id.* ¶ C; and injunctive—such as "[p]ermanently enjoin[ing] the IRS from assessing and collecting the assessable payment under 26 U.S.C. § 4980H against Optimal Wireless until HHS has made a Section 1411 Certification and otherwise provided Optimal Wireless with an HHS Appeal," *id.* ¶ F.

Defendants move to dismiss. They argue that this is a suit to restrain the collection of a tax, and therefore that this Court lacks jurisdiction under the Anti-Injunction Act. *See* Mot. at 5–13.

## LEGAL BACKGROUND

The Anti-Injunction Act provides that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). While the Act contains certain exemptions, no Party argues that any applies here.

The Act "protects the [Federal] Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 543 (2012) (*NFIB*). Its language is "broad and mandatory." *United States v. Clintwood Elkhorn Min. Co*, 553 U.S. 1, 12 (2008). But it does not leave aggrieved taxpayers without a path to challenge tax assessments. A taxpayer may seek "a refund of taxes erroneously or unlawfully assessed or collected [by] bring[ing] an action against the Government either in the United States district court or in the United States Court of Federal Claims." *Id.* at 4. Thus, "[b]ecause of the Anti-Injunction Act, taxes can ordinarily be challenged only after they are paid, by suing for a refund." *NFIB*, 567 U.S. at 543.

The question before the Court is therefore whether the "assessable payment" in § 4980H is a tax. If it is, the Anti-Injunction Act applies, meaning that Optimal must pursue a refund suit. If it is not a tax, Optimal may pursue its APA claims here.

### I.  THE "ASSESSABLE PAYMENT" IN § 4980H IS A TAX FOR PURPOSES OF THE ANTI-INJUNCTION ACT

**A.  The Anti-Injunction Act is a clear jurisdiction-stripping statute**

"Jurisdictional rules should be clear."  *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 14 (2015) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 321 (2005) (Thomas, J., concurring)).  As Optimal notes, a "decade[s]-long line of precedent require[s] that Congress speak with clarity and without ambiguity before a court may interpret a statute as depriving it of jurisdiction."  Pl.'s Resp. to Defs.' Mot. ("Pl.'s Resp."), ECF No. 27 at 8.  Thus, Optimal contends, because whether the "assessable payment" in § 4980H is a tax or not is not free from doubt, this case does not present the clarity needed to divest this Court of subject-matter jurisdiction.

Optimal's focus on § 4980H for this particular argument is mistaken.  The question is not whether that statute presents a difficult interpretive challenge.  The question is whether the *Anti-Injunction Act* is clear that it acts to strip the Court of jurisdiction.  It is; in fact, no Party argues that the language of the Anti-Injunction Act is not clear.  The Act divests this Court of jurisdiction, so long as the payment at issue is a "tax."  *See Maze v. Internal Revenue Serv.*, 862 F.3d 1087, 1091 (D.C. Cir. 2017) ("A claim that comes within the AIA's scope must be dismissed for lack of subject matter jurisdiction.").  The Court turns to that question next.

**B.  The "assessable payment" in § 4980H is a tax**

Optimal argues that the "assessable payment" in § 4980H is not a tax.  As it correctly notes, in *NFIB* the Supreme Court repeatedly noted, in concluding that the Affordable Care Act's individual mandate was not a tax for purposes of the Anti-Injunction Act, that Congress had referred to the individual mandate as a "penalty"—never a "tax."  Pl.'s Resp. at 9. In Optimal's view, because the payment in § 4980H is described as an "assessable payment" seven times, but

4

is only referred to it as a tax twice, *NFIB* controls and the Anti-Injunction Act does not apply. *See id.* at 9–11.

The government disagrees. While acknowledging (as it must) that § 4980H uses the term "assessable payment," the government notes that several other provisions in § 4980H, as well as other parts of the U.S. code, refer to the payment as a tax. *See* Mot. at 5–13.

The Court agrees. Especially in the context of the Affordable Care Act, Congress's choice to describe something as a "tax" is important for determining whether the Anti-Injunction Act applies. *See NFIB*, 567 U.S. at 543–44. And in several places, § 4980H refers to the assessable payment as a "tax." Take, for example, § 4980H(b)(2). Subsection (b)(1) imposes on certain employers an "assessable payment," 26 U.S.C. § 4980H(b)(1), and subsection (b)(2) refers to that payment as a tax: "The aggregate *amount of tax determined under paragraph (1)*," it explains, must meet certain requirements, *id.* § 4980H(b)(2) (emphasis added). A subsequent provision provides that, "[f]or denial of deduction for *the tax imposed by this section*, see section 275(a)(6)." *Id.* § 4980H(c)(7) (emphasis added). And *that* section provides: "Certain *taxes*. General rule. No deduction shall be allowed for *the following taxes*: *Taxes imposed by* chapter[ ] . . . 43." *Id.* § 275(a)(6) (emphases added). Section 4980H is in Chapter 43.

Optimal tries to minimize these references to the payment as a tax by arguing that they were included "as an intentional and deliberate decision by Congress to make clear that payment of the § 4980H [assessable payment] is not deductible for federal income tax purposes." Pl.'s Resp. at 11. But even assuming that argument would compel a different result here, it addresses only the description of the payment as tax in § 4980H(c)(7), as well as its cross-reference to

5

§ 275(a). That argument does not account for the fact that § 4980H(b)(2) also refers to the "assessable payment" as a "tax." 26 U.S.C. § 4980H(b)(2).[1]

And even if Optimal had a good explanation for how § 4980H(b)(2) describes the assessable payment as a tax, yet another statute, 42 U.S.C. § 18081, also refers to the "assessable payment" in § 4980H as a tax: "The Secretary shall establish a separate appeals process for employers who are notified under subsection (e)(4)(C) that the employer may be liable for *a tax imposed by section 4980H of title 26* . . . ." 42 U.S.C. § 18081(f)(2)(A) (emphasis added). Optimal acknowledges this description; indeed, it states in its brief that "42 U.S.C. § 18081 works in tandem with 26 U.S.C. § 4980H," Pl.'s Resp. at 1, and faults the government with failing to comply with § 18081(f)(2)(A)'s terms. But despite arguing that "HHS is required to establish a separate appeals process for employers who are notified that they 'may be liable *for a tax imposed by section 4980H of title 26* with respect to an employee because of a determination that the employer does not provide' specified healthcare," *id.* (quoting 42 U.S.C. § 18081(f)(2)(A)) (emphasis added), Optimal does not adequately grapple with this description of the "assessable payment" as a "tax."

As the Supreme Court has directed, the best way to determine whether the Anti-Injunction Act applies is to see if Congress referred to the relevant payment at issue as a "tax." *See NFIB*,

---

[1] Of course, the government assessed the payment here under § 4980H(a), not § 4980H(b). But both of those subsections call for the assessment of an "assessable payment." Optimal has provided no reason to think that Congress would intend different meanings of the same term in those two subsections. *See Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1812 (2019) (the Supreme Court's "normal presumption [is] that, when Congress uses a term in multiple places within a single statute, the term bears a consistent meaning throughout."). Rather, Optimal argues that "Congress seemingly chose to use the term 'tax' in [this] instance to avoid ambiguity with respect to only the *deduction* of the assessable payment but not its characterization for other purposes." Pl.'s Resp. at 12 n.10. But § 4980H(b)(2) has nothing to do with tax deductions; it simply caps the amount of payment due under the subsection.

567 U.S. at 543–46.  To be sure, Congress opted to use the term "assessable payment" in § 4980H, but it also and often referred to that "assessable payment" as a "tax."  The Court therefore joins the Fifth Circuit in holding that the "assessable payment" under § 4980H is a "tax," triggering the Anti-Injunction Act.  *See Hotze v. Burwell*, 784 F.3d 984 (5th Cir. 2015).

### C. The Court of Appeals has not held that the "assessable payment" in § 4980H is not a tax

Before concluding, a brief note on *Halbig v. Sebelius*, 27 F. Supp. 3d 1 (D.D.C. 2014), *rev'd and remanded sub nom. Halbig v. Burwell*, 758 F.3d 390 (D.C. Cir. 2014).  In that case, another judge on this Court concluded that "the natural conclusion to draw from Congress's interchangeable use of the terms 'assessable payment' and 'tax' in Section 4980H is simply that Congress saw no distinction between the terms."  *Id.* at 14.  Thus, the court viewed "the term 'tax' as used in 26 U.S.C. § 7421(a), the Anti-Injunction statute, as having the same meaning as the term 'tax' as used elsewhere in the Internal Revenue Code, including in Section 4980H." *Id.* at 15. After granting the government's motion to dismiss on this ground, the court then granted summary judgment to defendants on a separate challenge to an IRS rule under the *Chevron* doctrine—a separate claim brought by different plaintiffs that had standing.  *See id.* at 16–25.

The Court of Appeals reversed—but only as to the IRS regulation.  *See Halbig v. Burwell*, 758 F.3d at 394 ("[W]e reverse the district court and vacate the IRS's regulation.").  The Court of Appeals later granted rehearing en banc, vacating the panel judgment.  *See Halbig v. Burwell*, No. 14-5018, 2014 WL 4627181.  And appellants later voluntarily dismissed the appeal, meaning that the full Court of Appeals had no opportunity to assess the IRS rule. *Halbig v. Burwell*, No. 14-5018, 2015 WL 5209629.

Optimal claims that , by reversing the District Court in *Halbig*, the Court of Appeals rejected the government's position here. Pl's Resp. at 16–17. But that simply is not the case; the Court of Appeals never reached the question.

## CONCLUSION

Because Congress referred to the "assessable payment" in § 4980H as a "tax," the Anti-Injunction Act applies, and the Court therefore lacks jurisdiction over Optimal's claims.

An appropriate order will follow.

DATE: March 8, 2022

CARL J. NICHOLS
United States District Judge